MORSE v. WAYNE COUNTY SUPERVISORS.

1. TAXATION—METROPOLITAN AUTHORITY—TAX LIMITATION.
    Metropolitan authority, authorized by statute to levy tax not exceeding 1/4 mill *held*, not a municipal corporation entitled to assess and collect such tax through the constituent counties outside of and in addition to the 15 mills permitted by the 15-mill tax-limitation amendment to the Constitution (Const 1908, art 10, § 21, as added in 1932 and amended in 1948; CL 1948, § 119.51 *et seq.*).

2. COSTS—TAXATION—METROPOLITAN AUTHORITY.
    No costs are allowed in taxpayer's suit to restrain collection of tax for multi-county metropolitan authority outside of 15-mill tax limitation (Const 1908, art 10, § 21, as added in 1932 and amended in 1948; CL 1948, § 119.51 *et seq.*).

Appeal from Wayne; FitzGerald (Frank), J. Submitted October 16, 1958. (Docket No. 71, Calendar No. 47,873.) Decided January 12, 1959.

Bill by Chester J. Morse against the Board of Supervisors of Wayne County to restrain levying tax, outside of 15-mill tax limitation amendment to Constitution, for purposes of Huron-Clinton Metro-

---

REFERENCES FOR POINTS IN HEADNOTES
[2] 52 Am Jur, Taxpayers' Actions § 39.

politan Authority.  Both parties ask decree on plead-
ings.  Bill dismissed.  Plaintiff appeals.  Reversed
and remanded.

*Stanley E. Beattie (Thomas C. Mayer, of counsel),
for plaintiff.*

*Samuel H. Olsen,* Prosecuting Attorney, and *Ho-
bart Taylor, Jr.,* Assistant Prosecuting Attorney, for
defendant.

Black, J.  The present case was docketed for sub-
mission, and the briefs of counsel were prepared and
received, prior to handing down of our decision in
*Bacon* v. *Kent-Ottawa Metropolitan Water Author-
ity,* 354 Mich 159.  *Bacon* is decisive of the question
brought here in this case of Morse.  That question
is stated in the appellee's brief as follows:

"Is the Huron-Clinton metropolitan authority ex-
empt from the 15-mill tax limitation provisions of
section 21 of Article 10 of the Michigan Constitution
of 1908 by reason of the third exception thereto
("Provided, That this limitation may be increased
* * *  when provided for by the charter of a mu-
nicipal corporation") with the result that the tax
not to exceed 1/4 mill, which the authority is author-
ized to levy under section 7 of the statute creating it,
may be validly assessed and collected by the county
outside of and in addition to the said 15-mill tax
limitation?"

By reasoning and force of *Bacon* it must be held
that the Huron-Clinton metropolitan authority* is
not a municipal corporation within meaning and in-
tent of the final exception appearing in section 21,
article 10 (amended 1948), of the Constitution of

---

* The act providing for incorporation of the Huron-Clinton metro-
politan authority was enacted in 1939.  It is cited officially as CL
1948, § 119.51 *et seq.* (Stat Ann 1958 Rev § 5.2148[1] *et seq.*).

Michigan. It follows that plaintiff is entitled to the relief prayed for in his bill and that the decree below, denying such relief, must be set aside.

Reversed and remanded for entry of decree accordingly. No costs.

Kelly, Smith, Voelker, and Kavanagh, JJ., concurred with Black, J.

Edwards, J. (*concurring*). I concur in reversal. The question posed by this case is whether the 1/4 mill of taxes which the Huron-Clinton Metropolitan Authority is allowed to levy within each of 5 counties must be computed within or without the 15-mill tax limitation imposed by the Constitution (1908, amended 1948), art 10, § 21, upon each such county.

In the first case construing the act in question (PA 1939, No 147 [CL 1948, § 119.51 *et seq.*, Stat Ann 1958 Rev § 5.2148(1) *et seq.*]), Mr. Justice North said:

"The act does not create a separate and independent tax unit to which its portion of our millage tax must be apportioned by the tax allocation boards of the respective counties. Instead, in the exercise of its constitutional powers, the legislature has created the authority as a public agency for specified purposes and vested it with a right to have and use for such purposes *a portion of the county tax of* each of the 5 counties, such portion not to exceed 1/4 of 1 mill levied against the counties' assessable property." (Italics supplied.) *Huron-Clinton Metropolitan Authority* v. *Boards of Supervisors of Five Counties,* 300 Mich 1, 24.

It is conceded that all parties have since 1941 construed the statute and this language applicable thereto to require computation of the Huron-Clinton Metropolitan Authority millage *within* the 15-mill limit of the affected county.

We agree with appellee that we do not deal here with a mere device created to evade a constitutional tax limitation (See *Bacon* v. *Kent-Ottawa Metropolitan Water Authority,* 354 Mich 159), but with a metropolitan district created to accomplish an important public purpose which no other then-existing unit of government could perform.

Be that as it may, we find no language in the authorizing act or in the referendum of approval which serves to convince us that the 1/4-mill tax to be levied as "a portion of the county tax" was either expressly or impliedly exempt from the 15-mill limit contained in article 10, § 21.

Dethmers, C. J., and Carr, J., concurred with Edwards, J.